UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NICHOLAS SHAWN HILL,

    Plaintiff,

v.    Case No. 3:13-cv-56-J-39JRK

WILLIAM E. TATE, et al.,

    Defendants.

_____

**ORDER**

1. Plaintiff's Motion for Relief from Court's Order to Reconsider (Doc. 53), construed to be a request for a _de novo_ review of the Magistrate Judge's Order (Doc. 50), is **DENIED.** The Court finds that the Magistrate Judge's Order (Doc. 50) is not clearly erroneous or contrary to law.  _See_ 28 U.S.C. § 636(b)(1)(A).

2. Plaintiff's Unopposed Motion to Extend Discovery (Doc. 54) is **GRANTED**.  Deadlines will be set at a later date.

3. Plaintiff's Motion to Accept Plaintiff's Reply to Defendants' Response (Doc. 57) is **DENIED**.

4. Plaintiff's Motion for Leave to Amend (Doc. 58) is **GRANTED**.

5. Defendants' Motion for Leave to Supplement Defendants' Response to Plaintiff's Motion to Compel Discovery (Doc. 60) is **GRANTED**.

6. Defendants' Motions for Enlargement of Time (Docs. 62 & 66) are **DENIED AS MOOT.**

7. Defendants' Motion for Summary Judgment (Doc. 67) is **DENIED AS MOOT.**

8. Plaintiff's Motion for Extension of Time to File Amended Complaint (Doc. 63) is **GRANTED.** Plaintiff shall file his Third Amended Complaint by **October 30, 2014.** Plaintiff shall also file a notice to the Court of any newly named Defendants that have not been previously served with process in this case.

9. The **Clerk** shall provide Plaintiff with a civil rights complaint form. Plaintiff should utilize this form in preparing his Third Amended Complaint. Plaintiff should provide the Court with sufficient copies of the Third Amended Complaint for service of process upon any newly named Defendants. Plaintiff must also provide the Court with the locations of the newly named Defendants. Failure to provide the current locations of these Defendants may result in their dismissal from this action.

10. Plaintiff's Motion for a Copy of the Court's Order (Doc. 63) is **DENIED.** No Orders were entered in this case during August, 2014.

11. Plaintiff's Motion for Leave to File a Reply (Doc. 63) is **DENIED.**

12. Plaintiff's Motion for Leave to File a Reply to the Supplemental Response (Doc. 63) is **DENIED.**

13. Defendants' Motion for Permission to File Motion for Summary Judgment in Excess of Twenty-Five Pages (Doc. 65) is **DENIED AS MOOT.**

14. Plaintiff's Motion to Compel (Doc. 52) is **GRANTED** with respect to the November 21, 2013 Request for Production of Documents #1 (R-Dorm housing roster for inmates on March 15, 2012, with current locations). Defendants' Response (Doc. 55) and Supplemental Response (Doc. 60) fail to address request #1, and Plaintiff claims he has not yet received this particular roster. The Motion to Compel is also **GRANTED** with respect to requests #4 and #5.[1] Defendants shall provide the documents by **October 21, 2014.**

In all other respects, Plaintiff's Motion to Compel with regard to the Request for Production of Documents is **DENIED** as Defendants have provided Plaintiff with the requested documents #2, #3 and #6. See Defendants' Response (Doc. 55) and Supplemental Response (Doc. 60). The Motion to Compel is **DENIED** to the extent

---

[1] The Court does not find that the Florida Department of Corrections' decision to turn over health care services and possession of institutional health care documents to a private company, Corizon, Inc., particularly long after these institutional documents were created, is a sufficient reason to deny Plaintiff's request for production of documents. If documents have been lost during the transition to a private health care system, Defendants shall provide the Court with a sworn declaration concerning the loss of these institutional records. Otherwise, the requested documents shall be provided to Plaintiff **by October 21, 2014.**

that Plaintiff is requesting answers to interrogatories. There is insufficient information in the Motion to Compel to determine whether Plaintiff is seeking responses to Plaintiff's Fourth Request for Interrogatories to Felicia F. Corbin.

15. Plaintiff's request for sanctions (Doc. 52) is **DENIED**. The record shows that Defendants have attempted to respond to Plaintiff's extensive discovery demands but they have been hindered by institutional issues, including limited staffing, communication problems, and the extensive volume of requests. (Doc. 55). In the future, however, the Court expects Defendants to promptly respond to discovery requests in compliance with the Federal Rules of Civil Procedure and the Local Rules. Plaintiff must also heed these rules in seeking discovery.

16. Plaintiff's Motion to Compel Production of Documents (Motion) (Doc. 56) is **DENIED** with respect to the June 12, 2014 Request for Production of Documents #8 and #12 as these requests are overly broad and cover an extensive period of time. See Defendants' Response to Plaintiff's Motion to Compel Discovery (Doc. 59). Plaintiff's Motion is **DENIED** with respect to requests #9 and #11 as they do not exist. Plaintiff's Motion is **DENIED** with respect to request #13 as this request is overly broad and contains confidential information. Finally, Plaintiff's Motion is **DENIED** with respect to request #5 because Defendants have already provided

the document.  See Defendants' Response to Plaintiff's Motion to Compel Discovery (Doc. 59).

**DONE AND ORDERED** at Jacksonville, Florida, this 2nd day of October, 2014.

_____
BRIAN J. DAVIS
United States District Judge

sa 9/30
c:
Nicholas Shawn Hill
Counsel of Record