FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2014 NOV -6 PM 1:59

**NICHOLAS SHAWN HILL,**
    **PLAINTIFF**

3:13-cv-56-J-39 JRK

CASE NO: ~~3:14-CV-56-J-39~~
JUDGE: BRIAN J. DAVIS
MAG: JAMES R. KLINT

V.

**WAYMAN E. TATE, BYRON C. CROFT,
BARRY V. REDDISH, WILLIAM B. BLITCH,
SHAWN E. SWAIN, FELICIA F. CORBIN,
LAURA WILKERSON,**
    **DEFENDANT(S)**

_____/

## THIRD AMENDED CIVIL RIGHTS COMPLAINT, INJUNCTIVE RELIEF SOUGHT AND DEMAND FOR JURY TRIAL

**I. PLACE OF CONFINEMENT:**

Santa Rosa Correctional Institution, 5850 E. Milton Road, Milton, Florida 32583.

**II. EXHAUSTION OF ADMINISTRATIVE REMEDIES:**

Exhaustion of administrative remedies in required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997(e)a. Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.

1

## III.   PREVIOUS LAWSUITS:

**A.** I have not[1] initiated any lawsuits in state court dealing with the same or similar facts involved in this action or otherwise relating to my conditions of confinement.

**B.** I have initiated a lawsuit in Federal court dealing with conditions of my confinement but otherwise not related to facts herein.[2]

   **1.** Plaintiff: Nicholas Shawn Hill

   Defendants: Brad E. Whitehead, et al.

   Court: Middle District of Florida

   Judge: Brian J. Davis

   Docket No: 3:14-CV-958-J-99

   Filed: August 27, 2012 and still pending

   Description: § 1983 brought after being maliciously beat by officers; denied due process in the disciplinary report used to cover up their actions; and, patterns of inmate brutality upheld by corrupt administrators.

2

---

[1] Under abundance of caution, if a mandamus filed challenging the length of sentence is a lawsuit see attached.
[2] Under abundance of caution, if suits filed after the initial pleading in this case but prior to this Amendment need to included see attached.

**C.** I have never initiated lawsuits, or appeals from lawsuits, in Federal or state court that have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.

**D.** Suits unsure of:

**1.** Plaintiff: Nicholas Shawn Hill

Defendants: Secretary of the FDOC

Court: Second Judicial Circuit, Leon County, Florida

Judge: Charles A. Francis

Docket No: 2007-CA-994

Filed: Sometime in 2007

Dismissed: Sometime in 2007 or 2008

Description: Mandamus to compel the FDOC to correct the then miscalculated sentence. Dismissed without prejudice, cert. denied.

**2.** Plaintiff: Nicholas Shawn Hill

Defendants: Secretary of the FDOC

Court: Second Judicial Circuit, Leon County, Florida

Judge: Charles A. Francis

Docket No: 2007-CA-3854

3

Filed: Sometime in 2008

Dismissed: Sometime in 2010

Description: Mandamus to compel the FDOC to correct my miscalculated sentence. On Cert. review the FDOC finally corrected my sentence and allowed it to be dismissed as moot.

3. Plaintiff: Nicholas Shawn Hill

Defendants: Secretary of the FDOC

Court: Second Judicial Circuit, Leon County, Florida

Judge: Charles A. Francis

Docket No: 2013-CA-1357

Filed: November 29, 2013 and still pending

Description: Mandamus to compel the FDOC to remove a retaliatory disciplinary report used to justify placing me on strip - or property restriction.

4. Plaintiff: Nicholas Shawn Hill

Defendants: Secretary of the FDOC

Court: Eighth Judicial Circuit, Bradford County, Florida

Judge: Johnny R. Hobbs

Docket No: 04-2013-CC-66

Filed: March 23, 2013

Dismissed: October 29, 2013

Description: Repliven sought to recover property lost and/or withheld by staff. Voluntarily dismissed after becoming aware of my failure to follow pre-suit notice requirements.

5. Plaintiff: Nicholas Shawn Hill

Defendants: John M. Palmer, et al.

Court: Middle District of Florida

Judge: Timothy J. Corrigan

Docket No: 3:13-CV-692-J-B2-PDB

Filed: June 2013 and still pending

Description: § 1983 filed challenging the retaliatory disciplinary report used to maliciously apply chemical agents after utilizing the grievance procedures.

6. Plaintiff: Nicholas Shawn Hill

Defendants: John Palmer, Warden of F.S.P.

Court: Eighth Judicial Circuit, Bradford County, Florida

Docket No: 04-2014-CA-397

Filed: August 6, 2014 and still pending

Description: Habeas corpus challenging my retention in close management based upon retaliatory and fictitious disciplinary reports that are upheld even though they are in violation of departmental rules.

## IV. PARTIES:

**A.** Plaintiff: Nicholas Shawn Hill

DC No: H16672

Prison: Santa Rosa Correctional Institution

Address: 5850 E. Milton Road, Milton, Florida 32583

**B.** Defendant: Wayman E. Tate

Position: Correctional Sergeant

Employment: Union Correctional Institution

Address: 7819 N.W. 228th St., Raiford, Fla. 32026

**C.** Defendant: Byron C. Croft

Position: Correctional Sergeant

Employment: Union Correctional Institution

Address: 7819 N.W. 228th St., Raiford, Fla. 32026

**D.** Defendant: Barry V. Reddish

Position: Warden

Employment: Lawtey Correctional Institution

Address: 7819 N.W. 228th St., Raiford, Fla. 32026

**E.** Defendant: William B. Blitch

Position: Correctional Sergeant

Employment: Florida State Prison

Address: 7819 N.W. 228th St., Raiford, Fla. 32026

**F.** Defendant: Shawn E. Swain

Position: Correctional Captain

Employment: Columbia Correctional Institution

Address: 216 S.E. Corrections Way, Lake City, Fla. 32025

**G.** Defendant: Felicia F. Corbin

Position: Registered Nurse

Employment: Corizon Health Services, Inc.

Address: 3449 S.W. State Road 26, Trenton, Fla. 32693-5641

**H.** Defendant: Laura Wilkerson

Position: Senior Registered Nurse

Employment: Corizon Health Services, Inc.

Address: 7819 N.W. 228th St., Raiford, Fla. 32026

## V. STATEMENT OF CLAIMS:

**1.** Barry V. Reddish upheld patterns of officer on inmate brutality prior to March 15, 2012 and deliberately chose not to take measures to control staff abuses as proximate cause of abuse suffered by me in violation of the Eighth Amendment

**2.** Barry V. Reddish was placed on notice of the beating by his staff and deliberately chose not to investigate and remedy the wrong in violation of the Eighth Amendment.

**3.** Barry V. Reddish allowed security to sit in with inmates while being psychologically evaluated that discouraged reporting staff's abuse in violation of HIPAA.

**4.** Barry V. Reddish violated my Equal Protection rights as a class of one by allowing the systematic abuses to continually occur that led to abuse suffered March 15, 2012.

**5.** Wayman E. Tate, Felicia F. Corbin, William B. Blitch, Byron C. Croft, and Shawn E. Swain violated my Equal Protection rights targeting me as a member of a suspected class further burdening my right to be free of cruel and unusual punishment causing pain and suffering.

**6.** Wayman E. Tate and Felicia F. Corbin conspired to cover up the malicious beating by Shawn E. Swain, William B. Blitch, and Byron C. Croft causing pain and suffering.

**7.** Shawn E. Swain, William B. Blitch, and Byron C. Croft violated my Eighth Amendment right to be free of cruel and unusual punishment causing pain and suffering.

**8.** Shawn E. Swain, William B. Blitch, and Byron C. Croft conspired together to maliciously and sadistically beat me in full restraints causing pain and suffering.

**9.** Laura Wilkerson conspired, or accessory, after-the-fact to the malicious and sadistic beating by Shawn E. Swain, Byron C. Croft, and William B. Blitch that further continued pain and suffering.

**10.** Laura Wilkerson violated my Eighth Amendment in the course of covering up the beating by showing of deliberate indifference to serious medical needs furthering pain and suffering.

**11.** Laura Wilkerson violated my Equal Protection right to adequate medical treatment just as other inmates are treated similarly situated burdening my right to be free of cruel and unusual punishment furthering pain and suffering.

## VI. STATEMENT OF FACTS:

### COUNTS ONE, TWO, THREE AND FOUR

**1.** Barry V. Reddish's duty leading up to March 15, 2012, and thereafter, was: subject to orders, policies and regulations of the Department of Corrections; to supervise the governance, discipline, and policy of Union Correctional Institution; and, to enforce all orders, rules and regulations.

**2.** It is Reddish's duty to ensure proper investigations and reports of violations are maintained in employee and inmate record jackets, and provide a safe environment.

**3.** Reddish knew of excessive uses-of-force and staff abuse allegations being conducted in areas where there is no video surveillance and deliberately chose not to take measures to curb and control such.

**4.** Reddish was made aware of the plot to have me beat and covered up by his staff, and made no effort to obtain witness statements of inmates, Sergeant Tate or nurses in medical, or investigate into who the other officers might have been.

**5.** Reddish was placed on notice of Sergeant Crowford and Officer Gilleck's threats to not feed me if I did not get off self-harm observation status and deliberately chose not to investigate this type of harassment of mentally ill

prisoners.

**6.** Reddish knew of and upheld security sitting in with inmates being psychologically evaluated for no penalogical reason but to intimidate inmates not to report staffs abuses. This is what happened March 16, 2012 when saw by the multi-disciplinary team evaluating me for my psychological issues.

**7.** Reddish's tacit authorization of prevalent and pervasive staff abuses on mentally ill and elderly inmates that later was reason for inmate deaths by officers was directly related to paragraph 23.

## COUNT FIVE

**8.** Wayman E. Tate looked through my institutional file upon being admitted into self-harm observation status at Union C.I. in R-Dorm at approximately 1930 and stated, "You like'em young huh?". He showed William B. Blitch in front of Felicia F. Corbin my charges of lewd and lascivious battery and disciplinary history of same as he handed my file to Blitch stating "check this out".

**9.** Blitch in front of Corbin and Tate stated, "We got something for you".

**10.** It is my hypothesis that Blitch and Tate showed my institutional file to Byron C. Croft and Shawn E. Swain or told them about my criminal charges

and disciplinary history that was directly related to paragraph 23.

## COUNT SIX

**11.** During the medical intake exam conducted by Corbin on March 15, 2012 at approximately 1935, had me sign a blank refusal of health services form, conspicuously filling in the blank "Post use-of-force", then handing to Tate for signature as witness.

**12.** Corbin falsified the observation checklist going back in time I was at Florida State Prison awaiting transfer to Union C.I. and no indication as to what happened to the observation checklist initiated at F.S.P.

**13.** It is medical information health service personal's duty to ensure proper placement and filing of all health and psychiatry records only after a doctor and psychiatrist signs off.

**14.** It is my hypothesis Corbin deliberately filed on her own the: Refusal of Health Care Services form; Inpatient History/Physical Short Term (24-48 hours) form; and, Health Information Transfer/Arrival Summary form to be concealed from review of the clinician to sign off on.

**15.** Inmates are to be given a physical exam within 24-48 hours of admission to

12

Case 3:13-cv-00056-BJD-JRK   Document 78   Filed 11/06/14   Page 13 of 17 PageID 595

inpatient care. By filing the appropriate forms and somehow affixing a similar signature of mine to another refusal filled instead with "H & P on Admit to SHOS", she effectively barred me from having notable injuries documented from a physician.

**16.** As a result of their conspiratorial actions suffered paragraph 23.

## COUNTS SEVEN AND EIGHT

**17.** On March 15, 2012, at approximately 1030, Byron C. Croft entered the back part of the holding cell and asked, "What are you in prison for?" In reply "V.O.P. on an L & L". "Bullshit!!" as he maliciously and sadistically, while I'm in shackles, waist chain, and cuffed with a black-box behind the back, administered blows with opened palms to the abdomen, arms, back, flanks, and chest while alternating kneeing to the abdomen, thighs and kicked in the right thigh causing immediate pain.

**18.** Blitch entered approximately 1031, just as Croft stopped, asked if anything was wrong. I replied "Yes" which cost me to be maliciously and sadistically flogged with opened palms repeatedly in the arms, chest, and abdomen as Croft rotated me around causing immediate pain.

13

19. Approximately 1032, Shawn E. Swain enters as Blitch and Croft ceased their recreation. He asked, "Are my officers picking on you?" I replied with a painful "Yes, sir" somehow provoking Blitch into rearing back with a with a closed right brick of a fist square in my lower sternum causing immediate pain.

20. Swain again asked if his officers were messing with me and I did not reply. He advised me, "Son, if you don't answer me I'm gonna kick you in your fucking face." I did not reply which resulted in him devilishly kicking me in the groin with such excruciating force, putting me on the brink of fainting and regurgitation with unfathomable pain.

21. Swain repeated himself to which I intelligently stated, "No, sir". Then followed up with why I was having difficultly breathing and replied, "Chest pains". Just then Swain turns toward Blitch and says, "See, they learn quick don't they".

22. Blitch was walking beside me flicking my ear telling me about how U.C.I. does not have cameras like at F.S.P. when someone from behind maliciously and sadistically kicked me in the cuffs in the direction of the stairwell at the end of the hall and I would have fell but righted myself. John Doe caused me immediate pain.

14

23. As direct results suffered: Soreness for 3 or 4 days; bruising for 10 or 11 days; sore testicles for two (2) weeks and bruising for approximately four (4) months; enuresis; ruptured capillaries in the center of my chest; Post traumatic stress; odynophagia for approximately one and one-half (1 ½) weeks; erectile dysfunction; and possibly impotency.

### COUNT NINE, TEN AND ELEVEN

24. March 23, 2012 at approximately 1726, Laura Wilkerson during the injury assessment from the incident on March 15, 2012, falsified her report concealing notable and claimed injuries.

25. She deliberately wrote down I alleged stated 3 officers and 1 captain, left hip (not right) and did not document its bruise, did not document the ruptured capillaries or its slight bruise, falsely reported "fresh purple bruise" that was pitch black by that time, and no notation of my urinary incontinence issue.

26. Her deliberate indifference to my incontinence issue (enuresis) led to perpetual sick-calls only to not be referred then either.

27. Had I not reported staff abuse, I would have been treated more appropriately as other inmates are treated.

28. If not for her conspiratorial acts, I would have been evaluated sooner and

would have vindicated the wrong.

## VII.   RELIEF SOUGHT:

### COUNTS ONE THROUGH FOUR

**1.** Punitive, compensatory, and nominal damages.

**2.** Declaratory judgment stating my rights have been violated; he violated his oath as a servant; hazard to the safety and well-being for any correctional officers, under the rank of Lieutenant, access to institutional files; substantial risk for there to not be any cameras in and around R-Dorm's blind area.

**3.** Enjoined to install cameras in and around R-Dorm's blind areas; to photograph injuries from uses-of-force and staff abuse allegations; that no staff member under the rank of Lieutenant may access my institutional file.

**4.** A written apology from the department.

### COUNTS FIVE THROUGH ELEVEN

**5.** Punitive, compensatory, and nominal damages.

**6.** Declaratory judgment stating they violated my Eighth and Fourteenth Amendments and their oath of public service.

**7.** A written apology from the defendants.

<div align="center">*   *   *   *</div>

**8.** Demand for jury trial and any other thing this Court deems just and proper.

<div align="center">16</div>

## VIII. VERIFICATION:

I understand any false statement of material facts contained herein may serve as basis for prosecution and conviction for perjury. Furthermore, I certify reading the foregoing to be true and correct.

Respectfully Submitted,

/S/ _N. Nicholas Hill_
Mr. Nicholas S. Hill, Pro se

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY the foregoing was hand delivered to prison staff for U.S. mailing to: Ms. Shirley W. Durham, Esq., Asst. Attorney General, The Capitol PL-01, Tallahassee, FL. 32399-1050 on this _4_ day of ~~October~~ November 2014.

/S/ _N. Nicholas Hill_
Mr. Nicholas S. Hill
DC# H16672
Santa Rosa Correctional Inst.
5850 East Milton Road
Milton, Florida 32583